IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 3, 2018

## IN RE MCKENZIE O., ET AL.

**Appeal from the Juvenile Court for Sullivan County**
**No. 16-JV-41322     Mark Toohey, Judge**

_____

## No. E2017-00956-COA-R3-PT
_____

J. STEVEN STAFFORD, P.J.,W.S., dissenting.

While I understand my learned colleagues' desire to bring finality and stability to the lives of these children who so desperately deserve it, I must unfortunately conclude that this case cannot be resolved based upon the order entered by the trial court. I therefore respectfully dissent from the majority opinion.

Here, as noted by the majority opinion, the evidence presented by the Tennessee Department of Children's Services ("DCS" or "the Department") was sparse, consisting only of the testimony of a single DCS family services worker, who most often testified with affirmative answers following long, leading questions.[1] The totality of the testimony

---

[1] For example, one exchange provides,

> Q. And her Statement of Responsibilities on those plans were to, correct me if I'm wrong or if I miss a step here? She was to, "Take medication only as prescribed to her, participate in mental health assessment and follow any recommendations, notify The Department of any narcotic prescriptions before filling them, participate in an alcohol and drug assessment and follow any recommendations, a parenting assessment and any recommendations, participate in random drug screens, execute releases of information for all of her healthcare providers that she currently had and any new ones so The Department could monitor what prescriptions she was being given and the quantity, she was to notify any treating physicians of her past or current drug addiction so they would be aware of her previous addiction to narcotic pain medication when they are prescribing. Obtain and maintain a legal source of income and provide that documentation to DCS. To obtain and maintain stable housing and provide documentation, proof of that to The Department, obtain and maintain safe transportation for herself and provide proof, and to participate in medical and educational proceedings that involved the children," correct?

> A. Yes.

presented spans only eighteen pages. And yet, the final order entered in this cause totals fifteen pages of various findings of facts and conclusions of law.[2]

Considered alone, I take no issue with the final order entered in this case, which is detailed and thorough. I question, however, if this order results from the trial court's independent judgment, as required by **Smith v. UHS of Lakeside**, 439 S.W.3d 303 (Tenn. 2014). In **Smith**, the Tennessee Supreme Court held that a trial court's order on summary judgment must be "adequately explained and [] the product of the trial court's independent judgment[,]" whether through an order prepared by the trial court or an oral ruling later memorialized by a party-prepared order. **Id.** at 314. Thus, party-prepared orders are generally only permissible when two conditions are met: (1) "the findings and conclusions must accurately reflect the decision of the trial court"; and (2) "the record must not create doubt that the decision represents the trial court's own deliberations and decision." **Id.** at 316.

It has long been the rule that trial courts are required to file written orders containing findings of fact and conclusions of law in parental termination cases. *See* Tenn. Code Ann. § 36-1-113(k) ("The court shall enter an order that makes specific findings of fact and conclusions of law[.]"); *see also* Tenn. R. Civ. P. 52.01 ("In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment."). In recent years, this Court has held that the independent judgment requirement in **Smith** is also applicable in termination of parental rights proceedings. *See **In Re Dakota M. et al.***, No. E2017-01855-COA-R3-PT, 2018 WL 3022682, at *6 (Tenn. Ct. App. June 18, 2018) **In re Colton B.**, No. M2017-00997-COA-R3-PT, 2017 WL 6550620, at *3 (Tenn. Ct. App. Dec. 22, 2017); **In re Matthew T.**, No. M2015-00486-COA-R3-PT, 2016 WL 1621076, at *5–6 (Tenn. Ct. App. Apr. 20, 2016). Thus, where a party prepares the final order following the trial court's oral ruling in a termination case, we may look to the trial court's oral ruling to determine whether the trial court "abrogated its 'high judicial function' to provide the basis for its ruling." **In re Colton B.**, 2017 WL 6550620, at *3 (quoting **Smith**, 439 S.W.3d at 317–18). If so, "the basis provided by the party-prepared order [will] not be imputed to the trial court." **Id.** (citing **Smith**, 439 S.W.3d at 317–18).

Here, there can be no dispute that the final order was prepared by DCS. As such, we look to the trial court's oral ruling to determine if there was a sufficient basis for the written order. **Id.** The entirety of the trial court's oral ruling is as follows:

---

[2] Because the order also concerns the father of one child, only a portion of this order applies to Mother.

- 2 -

> Based on the facts that have been presented here today I find by clear and convincing evidence that we have personal and subject matter jurisdiction over this proceeding. The parents had both had notice to be here and failed to show for it. They did not provide a sufficient reason for their failure to be here today. And with respect to [Mother], I find that The Department has established by clear and convincing evidence that her parental rights to these children should be forever terminated on the grounds of failure to substantially comply with the Parenting Plan and the existence of persistent conditions which make it not in the children's best interests to, for her to remain their legal parent. I also find that The Department has proven by clear and convincing evidence that it's in the children's best interest that parental rights be terminated. . . . The proof in this case has pretty much tracked the allegations and the Petition to Terminate Parental Rights with respect to both parents. You can go ahead and prepare an Order and adopt those allegations along with the additional Testimony that presented here today as findings of fact and draw an Order.

Although we have held that remand is not necessary when a trial court's oral ruling contains only "minor" differences from the final written order, *see **In re Matthew T.**, 2016 WL 1621076, at \*6, the differences here are not minor. Rather, the written order prepared by DCS contains a multitude of findings regarding Mother's behavior in this case, including the specific requirements of the permanency plans, Mother's failures in working toward the requirements of the plans, and the conditions that still persist that make return of the children unsafe. Clearly, none of these findings are specifically mentioned by the trial court in its oral ruling.

Instead, the termination order in this case largely tracks the language of the termination petition filed by DCS.[3] In a similar situation, we have held that the sparse oral findings of the trial court, coupled with the nearly verbatim recitation of the allegations of the termination petition in the final order, cast substantial doubt as to whether the written order was the product of the trial court's independent judgment. **In re Colton B.**, 2017 WL 6550620, at \*5. As such, we vacated the final judgment, and

---

[3] In at least one instance, the order contains findings that refer to the order as a "petition." Specifically, the order states that DCS "has consulted with the putative father registry within 10 days of the filing of **this petition**, and there are no claims of paternity in the registry as to these children." (Emphasis added).

remanded "for the entry of an order that reflects that it is the product of the trial court's individualized decision-making and independent judgment." *Id.* at *1.[4]

In my review, the only substantive difference between the situation in this case and the facts in *In re Colton B.* is the trial court's statement in the case-at-bar that "[t]he proof in this case has pretty much tracked the allegations and the Petition to Terminate Parental Rights[.]" Respectfully, I cannot conclude that the trial court's single statement to this effect is sufficient to meet the "high judicial function" outlined by the Tennessee Supreme Court in *Smith*. *See Smith*, 439 S.W.3d at 317–18.

Moreover, the proof presented at trial and the allegations in the termination petition are not identical. For example, while both the termination petition and the final order recite that Mother completed a parenting assessment on October 9, 2014, neither the testimony presented nor the exhibits indicate that Mother completed the assessment on this date.[5] In several other instances, facts are referenced in the final order, identical to the termination petition, that were not mentioned at trial, but rather only buried within the exhibits submitted at trial.[6] While these deficiencies are admittedly minor, the trial court's duty in a termination case is a high one. *See In re Colton B.*, 2017 WL 6550620,

___

[4] We note that a more recent case had opined that

> The mere fact that the trial court also adopted, even verbatim, reasoning and grounds stated in Defendant's motion for summary judgment and in his proposed findings is of little consequence; it merely indicates that the trial court was persuaded by Defendant's argument and agreed that the material facts were undisputed.

*Prewitt v. Brown*, 525 S.W.3d 616, 622 (Tenn. Ct. App. 2017), *perm. app. denied* (Tenn. May 18, 2017). In *Prewitt*, however, the trial court made an oral ruling providing specific grounds for its decision. Although a party-prepared order was submitted to the trial court, the trial court rejected that order in favor of fashioning its own order that contained its oral findings, as well as some additional findings adopted verbatim from the party-prepared order. Thus, in *Prewitt*, there was no doubt that the trial court exercised its own independent judgment in reaching its decision. In fact, it is something of stretch to categorize *Prewitt* as involving a party-prepared order, as the order entered was ultimately fashioned by the trial court.

    In contrast, there is no indication in the record that the trial court here made any additions or alterations to the order prepared by DCS. The situation in this case is therefore not analogous.

[5] This date is not mentioned in the testimony; instead, the DCS worker merely testified that Mother completed the assessment. The exhibits indicate that an appointment was scheduled on this date, but not that the assessment was completed on this date. As another example, both the termination petition and the final order indicate that Mother was provided with a list of community resources on April 17, 2014. Nothing in either the testimony or exhibits state that she was provided with the list on this date; rather, the proof only shows that Mother signed a permanency plan on this date.

[6] Because the trial court issued its oral ruling immediately following the presentation of proof and the exhibits were not discussed in detail at trial, it is unclear if the trial court was aware of the contents of each and every exhibit when it issued its ruling.

at *5 ("Because of the heightened protections afforded in termination of parental rights cases and the concomitant need for 'individualized decision making' . . . , however, we cannot excuse the trial court from its obligation to render a decision that is "the product of the trial court's independent judgment.'") (citations omitted). In fact, the Tennessee Supreme Court has held that because of the high stakes involved in parental termination proceedings, termination cases require "judicial involvement that is more intensive than in other cases." *In re Carrington H.*, 483 S.W.3d 507, 534 (Tenn. 2016), *cert. denied sub nom. Vanessa G. v. Tennessee Dep't of Children's Servs.*, 137 S. Ct. 44, 196 L. Ed. 2d 28 (2016) ("The parental rights at stake are far more precious than any property right."). Unfortunately, the trial court's sparse oral ruling, coupled with a written order largely copied from the termination petition, causes me grave concern and substantial doubt as to whether the trial court properly performed its high judicial function, an inquiry made all the more imperative because of the nature of this termination proceeding. *Smith*, 439 S.W.3d at 316.

As such, I believe the appropriate remedy is to vacate and remand for the entry of a new order fully compliant with *Smith*. *Id.* at 314 (noting that the appropriate remedy for the trial court's failure to provide the rationale for its ruling was to remand to the trial court for reconsideration); *see also In re Audrey S.*, 182 S.W.3d 838, 861 (Tenn. Ct. App. 2005) (citing *In re D.L.B.*, 118 S.W.3d 360, 367 (Tenn. 2003)) (holding that the proper remedy when the trial court fails to make specific findings of fact and conclusions of law in a termination proceeding is to vacate the judgment and remand for further proceedings). I therefore respectfully dissent from the majority opinion.[7]

_____
J. STEVEN STAFFORD, JUDGE

_____

[7] Because I conclude that this case must be vacated and remanded, I do not reach the issue of whether sufficient evidence was presented to support termination of Mother's parental rights.